Tony PORTER, Appellant (Defendant below),

v.

The STATE of Wyoming, Appellee (Plaintiff below).

No. 3629.

Supreme Court of Wyoming.

May 6, 1968.

Robert L. Duncan, Cheyenne, for appellant.

James E. Barrett, Atty. Gen., Lynn R. Garrett, Deputy Atty. Gen., Cheyenne, for appellee.

Before HARNSBERGER, C. J., and GRAY, McINTYRE and PARKER, JJ.

Mr. Justice PARKER delivered the opinion of the court.

Defendant was charged under § 6–70, subd. B, W.S.1957 (Cum.Supp.1967), and found guilty by a jury of assault and battery with a deadly weapon. He was sentenced to a term of one to two years in the penitentiary and brings this appeal, charging that prejudicial error resulted from the erroneous admission of evidence concerning irrelevant collateral matters. In so doing, he concedes that no single part of the irrelevant evidence would have constituted reversible error but insists that the cumulative effect of the various errors prejudiced him in the eyes of the jury.

There is no challenge to the sufficiency of the evidence, which although conflicting in certain aspects, discloses an altercation between the defendant and Buffington, his father-in-law, in which according to certain testimony defendant pulled the trigger

of his pistol, although it did not fire, and struck Buffington several times on the head with the pistol.

Directing our attention to the aspects of the trial charged as error, we note that Buffington in responding to a question as to the events leading up to the altercation said, "Well, I had quit working and went in the house and my daughter was there and she was quite concerned about paying off a check that Mr. Porter had written." An objection was sustained to the question, which, we should note, had made no reference to the fact that the check was *bad*. Later, on direct examination when the witness was asked, "Did you take your daughter someplace?" he responded, "I was going to take her to pay this bad check," at which time counsel made no objection. Therefore, up to that point in the record little basis exists for defendant's criticism. On cross-examination defendant's own counsel demanded to know of the father-in-law why he had had disputes with Porter, whereupon there was a statement by the witness concerning defendant's having written some bad checks. Subsequently he was asked, "Do you know of any convictions?" His response to defense counsel was, "No, because he made the checks good apparently."

Turning to the alleged impropriety of referring to defendant's child being in custody of the welfare, we observe that defendant on cross-examination was asked, "Does he [Tony Porter, Jr.] live with you?" The voluntary response was, "Not at the present time, he is in the custody of the Laramie County Welfare." The matter was not challenged and no objection was interposed by defendant's counsel.

Under these circumstances, where no prejudice is demonstrated and where defendant either precipitated or acquiesced in the matters now criticized, the assignment of error as to such occurrences cannot stand.

The last portion of testimony complained of was elicited on cross-examination when the defendant was asked whether he had taken his wife to Salt Lake City before they were married. He had responded by a denial, saying he went to Salt Lake City and she met him there later. He was then asked, "And what happened while you were there?" to which objection was unsuccessfully interposed, followed by the state's question, "Weren't you in trouble there?" to which an objection was sustained.

The propriety of a question to a defendant on cross-examination relating to his general reputation or past actions is one that does not lend itself to any blanket determination but is dependent on the facts in each instance. A defendant who has voluntarily testified as a witness may be cross-examined the same as any other witness and the latitude of cross-examination is largely within the discretion of the court. Here defendant took the stand and in an apparent effort to show that his father-in-law unreasonably disliked and avoided him said, "All the time before we were married Mr. Buffington always thought I was a bit lower in social position, he didn't feel that I was on the same level with him or his family * * * Joyce and I got married and things have gotten worse * * *. He has on many many occasions since the marriage, he has tried to cause trouble and he would keep telling her how bad I was and how she shouldn't be married to me and he caused me quite a bit of trouble in an instance similar to this." It might reasonably have been expected that opposing counsel would attempt to show that Buffington's attitude was justified, and while the court might have been warranted in excluding all reference to what had happened in Salt Lake City prior to the marriage, we find no abuse of discretion. This court disposed of an objection essentially similar in Loy v. State, 26 Wyo. 381, 185 P. 796, 800, by saying, "a careful examination of the record discloses that the evidence now claimed to have been erroneously admitted was in most part brought out on cross-examination of defendant on matters to which he testified in

chief." Furthermore, a review of the evidence fails to indicate that the nature of the questions and responses could have had sufficient influence on the jury to materially affect its result in reaching the verdict.

Affirmed.