Randy L. **DEAN**, Appellant (Defendant),

v.

The **STATE** of Wyoming, Appellee (Plaintiff).

No. 96–24.

Supreme Court of Wyoming.

Jan. 10, 1997.

Sylvia L. Hackl, State Public Defender; and Deborah A. Cornia, Appellate Counsel, for Appellant.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Kimberly A. Baker–Musick, Assistant Attorney General, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

MACY, Justice.

Appellant Randy Dean appeals from his conviction for first-degree sexual assault.

We affirm.

## ISSUES

Appellant posits three issues for our review:

ISSUE I[:] Whether Jury Instruction No. 3 was given in error by the trial court and under the doctrine of Plain Error, Appellant's conviction must be reversed?

ISSUE II[:] Whether there was ineffective assistance of counsel in the representation of the Appellant so as to require reversal?

ISSUE III[:] Whether the state of mind testimony of Appellant brought out by the testimony of [the female] witness ... caused reversible error due to the fact that such testimony was of a W.R.E. § 404(b) nature and requirements for allowing 404(b) testimony were not met?

## FACTS

During the early morning hours of October 15, 1994, Appellant called an exotic dance service and requested that a dancer be sent to his motel room in Casper. The service sent the victim, who was unaccompanied, to his room. At Appellant's request, the victim performed in the nude. When she had finished dancing, Appellant refused to pay her. Instead, he brandished a knife and forced the victim to have sexual intercourse with him.

After being assaulted, the victim left the motel room and went to the hospital. The sexual assault was reported to the police, and Appellant was arrested and charged with first–degree sexual assault under WYO. STAT. § 6–2–302 (1988). A jury found Appellant guilty of the crime. The trial court entered a judgment and sentence against him, and Appellant appealed.

## DISCUSSION

### A. Jury Instructions

Appellant claims that the trial court erred by giving an improper instruction to the jury. He concedes, however, that he must show that giving the instruction amounted to plain error in order to prevail on appeal because he did not object at the trial.

The trial court is "given wide latitude in instructing the jury; and as long as the instructions correctly state the law and the entire charge to the jury adequately covers the issues, reversible error will not be found." *Baier v. State,* 891 P.2d 754, 756 (Wyo.1995).

"When we examine jury instructions, we must look at them in their entirety and read them together." *Vigil [v. State],* 859 P.2d [659,] 663 [ (Wyo.1993) ]. Before a conviction will be reversed due to an erroneous instruction, the defendant must demonstrate that prejudice has occurred. An error in one instruction may be cured elsewhere in the jury instructions by conveying correct information to the jury " 'in a clear and concise manner so that it is unlikely that an erroneous impression would remain in the minds of the jurors.' " *Vigil,* 859 P.2d at 663 (*quoting United States v. Pope,* 561 F.2d 663, 670 (6th Cir.1977)).

*Christian v. State,* 883 P.2d 376, 379 (Wyo. 1994) (a citation omitted). We read all the instructions together and do not single out parts of an instruction or consider individual instructions in isolation. *Collins v. State,* 854 P.2d 688, 700 (Wyo.1993). A trial judge must instruct the jury on all the necessary elements of the crime charged. *Miller v. State,* 904 P.2d 344, 348 (Wyo.1995). A defendant may be convicted only "upon proof beyond a reasonable doubt of each element of the crime charged." *Vigil v. State,* 859 P.2d 659, 662 (Wyo.1993).

Appellant takes issue with Instruction No. 3, which stated in pertinent part:

You should evaluate the evidence admitted in this case and determine the innocence or guilt of the Defendant entirely in accordance with these instructions. The test you must use is this: *If you have a reasonable doubt as to the truth of any of the elements of the charge, you should find the Defendant not guilty. If you have no reasonable doubt as to the truth of any of them you should find the Defendant guilty.*

(Emphasis added.) Although his argument is somewhat difficult to understand, Appellant apparently contends that the emphasized portion of the instruction was ambiguous because it used the word "any" in two separate sentences and attached a different meaning to the word in each sentence. He insists that, even though the word "any" could have a different meaning each time it is used, the same meaning should be applied in these sentences. Appellant contends that the first emphasized sentence informed the jury that, if it had a reasonable doubt as to the truth of *any one* of the elements of the crime, it should find him not guilty. He argues that, when the same meaning is applied to the word "any" in the second sentence, the jury was instructed that it merely had to find that *any one* of the elements of the crime had been proven beyond a reasonable doubt in order to convict him.

The word "any" has a number of meanings:

Word "any" has a diversity of meaning and may be employed to indicate "all" or "every" as well as "some" or "one" and its meaning ... depends upon the context....

BLACK'S LAW DICTIONARY 86 (5th ed.1979). In accordance with our standard of review and the plain definition of the word, we must read "any" within the entire context of the instruction. When we do that, we conclude that the jury would not have had difficulty understanding that "any" meant "one" or "some" in the first sentence of the emphasized portion of the instruction while "any" meant "all" or "every" in the second sentence. The jury was, therefore, instructed that, if it had a reasonable doubt as to the truth of *any one* of the elements of the crime, it should find Appellant not guilty but that, if it did not have a reasonable doubt as to the truth of *all* the elements, it should find Appellant guilty. Considering the malleable nature of the word "any," we are not concerned about it having two different meanings within the instruction.

In the event that the language of Instruction No. 3 had been misleading, Instruction No. 10 would have remedied the jury's confusion:

The necessary elements of the crime of Sexual Assault in the First Degree are:

1. The crime occurred within the County of Natrona, on or about the 15th day of October, 1994;

2. [Appellant] inflicted sexual intrusion on [the victim]; and

3. [Appellant] caused submission of the victim ... through the actual application of physical force or forcible confinement which was reasonably calculated to cause submission of [the victim]; or

4. [Appellant] caused the submission of the victim by threat of death, serious bodily injury, extreme physical pain or kidnapping to be inflicted on anyone and the victim reasonably believes that the actor had the present ability to execute the threats.

If you find from your consideration of all the evidence that any of these elements has not been proved beyond a reasonable doubt, then you should find [Appellant] not guilty of Sexual Assault in the First Degree.

If, on the other hand, you find from your consideration of all the evidence that each of these elements has been proved beyond a reasonable doubt, then you should find [Appellant] guilty of Sexual Assault in the First Degree.

Instruction No. 10 clearly stated that the jury could find Appellant guilty only if it found that each of the elements had been proven beyond a reasonable doubt. The instructions, when read as a whole, adequately informed the jury of the applicable law. The trial court did not err by giving Instruction No. 3. We do not, therefore, need to apply a plain error analysis.

## B. Assistance of Counsel

Appellant asserts that he was denied effective assistance of counsel. He claims that his trial counsel was defective for the following reasons: He failed to properly investigate the case; he failed to adequately question certain prospective jurors on *voir dire;* he failed to object to certain witness testimony; he invited error in the cross-examination of a witness; he failed to object to the jury instruction; and he failed to comply with the notice requirements of the rape-shield law.

The Sixth Amendment to the United States Constitution, which is applicable to the states through the Fourteenth Amendment to the United States Constitution and Article 1, Section 10 of the Wyoming Constitution, guarantees a criminal defendant the right to have effective assistance of counsel. *Owen v. State,* 902 P.2d 190, 198 (Wyo.1995). To maintain a claim for ineffective assistance of counsel, an appellant generally must establish that his attorney's performance was deficient and that the deficient performance prejudiced the appellant. *Bloomquist v. State,* 914 P.2d 812, 819–20 (Wyo.1996). While some deficiencies in an attorney's performance are so egregious that a showing of prejudice is not required, the claims here do not fall within that category. *Kolb v. State,* 930 P.2d 1238, 1248 (Wyo.1996); *see also Shongutsie v. State,* 827 P.2d 361 (Wyo.1992); *King v. State,* 810 P.2d 119 (Wyo.1991).

946

■ In his first claim of error, Appellant contends that his attorney failed to properly investigate the case. The attorney and his staff identified and interviewed a woman who was not the victim, thinking that she was the victim. The mistake occurred because the victim and the other woman had similar names and worked for the same man and because the other woman knew the details of the incident in which the victim had been involved. When the attorney discovered his error, he requested that a two-week continuance be granted so that he could properly prepare his case. The trial court granted a one-week continuance.

Appellant does not argue that the additional one week was insufficient to allow the attorney to properly prepare his case. Instead, he speculates that, if the attorney had properly prepared his case, he may have been able to develop a theory of the case to the effect that the victim was a prostitute, that she engaged in consensual intercourse with Appellant, and that she cried "rape" only after he failed to pay her. Appellant's attorney did, in fact, argue to the jury that the circumstances implied that the only reason why the victim reported that she had been raped was because she had not been paid for her services. Appellant has, therefore, failed to show that his defense was prejudiced by the way his attorney investigated the case.

In his second claim of ineffective assistance of counsel, Appellant asserts that his counsel failed to properly examine two venire persons during *voir dire* and to dismiss them for cause. *Voir dire* insures that a defendant has the opportunity to examine the prospective jurors to determine whether they have biases or prejudices which would infringe upon his right to have a fair trial. *See Miller v. State*, 904 P.2d 344, 352 (Wyo.1995). Jurors may be dismissed for cause only upon a " 'provable and legally cognizable basis of partiality.' " *Schwenke v. State*, 768 P.2d 1031, 1034 (Wyo.1989) (quoting *Engberg v. State*, 686 P.2d 541, 549 n. 6 (Wyo.), *cert. denied*, 469 U.S. 1077, 105 S.Ct. 577, 83 L.Ed.2d 516 (1984)). *See also* WYO. STAT. § 7–11–105(a) (1995).

■ The two prospective jurors stated during *voir dire* that they knew people who may have been sexually assaulted. They both indicated, however, that their experiences would not affect their abilities to serve on the jury. The record does not contain any evidence which suggests that the jurors were prejudiced or biased against Appellant. Appellant's trial counsel, therefore, did not err when he decided not to question the two jurors further and did not move to have them dismissed for cause. Appellant has also failed to show that his defense was prejudiced by his trial counsel's alleged mistakes in conducting *voir dire*.

■ Appellant next contends that his trial counsel's performance was deficient because he did not make foundation and authenticity objections to a female witness's testimony. The State sought to introduce the female witness's testimony to show what Appellant's state of mind was on the day before he sexually assaulted the victim. Appellant's trial counsel objected, claiming that the evidence was not relevant, but the trial court overruled his objection. The female witness testified that she had met Appellant at a bar and that they went to his motel room in the early morning hours of October 14, 1994. She testified that Appellant telephoned her numerous times later that day and that he left her a number of messages with the last message being quite derogatory. The female witness also testified that Appellant told her that he wanted to marry and take care of her. This testimony was similar to the victim's statements that, before the assault, Appellant told her that he loved her and wanted to take care of her. Although Appellant's trial counsel objected to the female witness's testimony about the telephone calls and messages as being hearsay, he did not object to the testimony on the basis of lack of foundation or authenticity.

A proper foundation must be established before evidence will be admissible. *Hodges v. State*, 904 P.2d 334, 342 (Wyo.1995). "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." W.R.E. 901(a). A voice

may be identified, "whether heard firsthand or through mechanical or electronic transmission or recording, by opinion based upon hearing the voice at any time under circumstances connecting it with the alleged speaker." W.R.E. 901(b)(5). Although foundation for the female witness's identification of Appellant's voice was not established in an orderly fashion, sufficient evidence did exist to support a finding that the voice which the female witness had heard in the telephone calls and the messages was Appellant's. The female witness testified that it was Appellant who had called and who had left the messages. She was familiar with Appellant's voice because she had spent time with him that morning in his motel room. She also knew that it was Appellant who had called because she actually spoke with him during some of the telephone calls.

Appellant has also failed to show that the testimony prejudiced him or that the outcome of his trial would have been different if the evidence had been excluded. When he testified at the trial, Appellant acknowledged that he made telephone calls to the female witness. Additionally, a plethora of other evidence was presented which directly implicated Appellant in the sexual assault.

■ Appellant's fourth claim of ineffective assistance of counsel also focuses on the female witness's testimony. Appellant claims that his trial counsel invited error when he asked the female witness whether she had felt threatened when she was in Appellant's motel room. The female witness testified that she did not feel threatened but that she did not feel comfortable either. Appellant contends that this question invited error because it opened the door for the State to question the female witness about other bad acts which Appellant had committed. He claims that the other bad acts evidence came out during the redirect examination when the State asked the female witness why she felt uncomfortable and she replied that she felt uncomfortable because of Appellant's sexual advances toward her.

Appellant has not shown how admitting this testimony prejudiced his defense. The female witness did not feel threatened, and she testified that Appellant did not prohibit her from leaving his motel room. The evidence was arguably in Appellant's favor because it showed that he did not force the female witness to have sexual intercourse with him.

In his fifth claim of ineffective assistance of counsel, Appellant maintains that his trial counsel failed to properly object to Instruction No. 3. We determined earlier in this opinion that the trial court did not err by giving Instruction No. 3. Appellant's trial counsel, therefore, did not perform in a deficient manner when he failed to object to that instruction.

In his final claim of ineffective assistance of counsel, Appellant argues that his trial counsel was defective because he failed to meet the notice requirements for introducing evidence of the victim's prior sexual conduct under the rape-shield law, WYO. STAT. § 6-2-312 (1988). He claims that his attorney should have moved to present evidence which showed that the victim was a prostitute and that she claimed to have been raped only because Appellant did not pay her. The issue was, in fact, presented to the trial court on the State's motion to prevent evidence about the victim's prior sexual conduct from being introduced. The trial court did not rule on the State's motion because Appellant did not offer any direct evidence which disclosed the victim's prior sexual history. The record does not show that any such evidence existed. Additionally, Appellant's attorney argued to the jury that the circumstances implied that the victim alleged the rape only because Appellant did not pay for her services. Appellant has, therefore, failed to show that he suffered any prejudice or that the outcome of the trial would have been different if his counsel had presented notice to the trial court under § 6-2-312.

Finally, Appellant asserts that, even if none of the individual errors committed by his attorney supports a reversal for ineffective assistance of counsel, the cumulative effect of all the errors demands a reversal. "In the usual case, ineffective assistance of counsel is going to be demonstrable because of a cumulation of errors with a determination that, in the entire context of the trial, the defendant either was, or was not, denied

a right to a fair trial." *Dickeson v. State,* 843 P.2d 606, 612 (Wyo.1992). Since we have determined that Appellant's counsel did not commit any errors which prejudiced his defense, Appellant's claim of cumulative error must also fail. *See Bloomquist,* 914 P.2d at 824.

## C. Prior Bad Acts Evidence

Appellant maintains that the trial court committed a reversible procedural error by allowing the female witness to testify about his other bad acts without conducting a hearing to determine the admissibility of the evidence. Appellant objected to this evidence, claiming that it was irrelevant and hearsay, but he did not specify that it was other bad acts evidence.

A defendant must present an appropriate objection to compel the State to establish the admissibility of the evidence and the trial court to conduct a hearing to determine its admissibility. *Gunderson v. State,* 925 P.2d 1300, 1303 (Wyo.1996); *Vigil v. State,* 926 P.2d 351, 355 (Wyo.1996). Since Appellant did not present a proper objection to the evidence, the trial court did not err by failing to conduct a hearing.

## CONCLUSION

We hold that the trial court did not err by giving Instruction No. 3 or by failing to conduct a hearing on the admissibility of the other bad acts evidence and that Appellant received effective assistance of trial counsel.

Affirmed.