Jody MAPP, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

No. 96–198.

Supreme Court of Wyoming.

Feb. 17, 1998.

Sylvia L. Hackl, State Public Defender; and Donna D. Domonkos, Appellate Counsel, Cheyenne, for Appellant.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; and D. Michael Pauling, Senior Assistant Attorney General, Cheyenne, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

TAYLOR, Chief Justice.

After repeatedly asserting his right to proceed pro se despite warnings by the district court regarding the difficulties of self-representation, appellant requested that standby counsel take the lead only three days prior to his trial. A motion for continuance was denied, and appellant was convicted of three counts of forgery. On appeal, appellant claims his initial waiver of counsel was not valid and his subsequent representation was ineffective. Appellant further claims that the district court erred in denying his motion to continue the trial date upon appointment of lead counsel. Finding that appellant knew the consequences of his decision to proceed pro se and that the circumstances of his trial were self-created, we affirm.

## I. ISSUES

Appellant, Jody Mapp (Mapp), presents three issues for review:

*ISSUE I*

Was appellant denied a fair trial when the trial court failed to follow the directives of W.S. § 7–6–107 when determining that the appellant knowingly waived his right to assistance of counsel?

### ISSUE II

Was appellant denied effective assistance of counsel as guaranteed by the Sixth Amendment of the United States Constitution and Article I Section 10 of the Wyoming Constitution?

### ISSUE III

Was appellant denied a fair trial when the trial court denied his motion to continue?

## II. FACTS

During the weekend of August 5–6, 1995, unknown persons burglarized E & A Car Cleaning in Casper, Wyoming, taking several blank checks from the business checkbook. The day after the burglary was discovered, Mapp presented two of the checks at LBM Pizza to purchase liquor and food. The owner of LBM Pizza, Louie Corranco (Corranco), being personally acquainted with Mapp, immediately called the bank to verify the account. Corranco then went to cash the check, only to discover that the name on the signature line—Robert Knoll—was not an authorized signature. Corranco then contacted E & A Car Cleaning where he was told that the checks were stolen. Corranco brought this information to the police.

A few days later, Mapp again used a stolen check to obtain food and cash at the local Albertsons. When the clerk, Daniel Cantane, hesitated in approving the check after requesting Mapp's identification, Mapp told him to call the manager, Paul Petersen. Petersen came to the counter, and knowing Mapp, authorized Cantane to cash the check.

Mapp was arrested on September 10, 1995, and the Public Defender's office was appointed to represent him. In a letter filed with the district court on October 9, 1995, Mapp asserted his right to represent himself, stating in part:

I come before the Court aware that I am within my rights to be legally represented by *myself*, with, the assistance of a court appointed attorney—I am invoking that right with the approval of the Court.

(Emphasis in original.)

At his arraignment on October 13, 1995, and again at a hearing ten days later, the district court repeatedly tried to dissuade Mapp from proceeding pro se. The district court advised Mapp of the substantial risks in self-representation and recommended Mapp accept the Public Defender as counsel. Although Mapp agreed to postpone his decision at the arraignment, at the hearing Mapp announced he would proceed as his own counsel, with the Public Defender as his co-counsel. It was then explained that the Public Defender would not be "co-counsel," and Mapp was offered the choice to either have counsel appointed or to represent himself. Mapp chose the latter.

Trial was set for November 14, 1995. Between the date of the hearing and November 13, 1995, Mapp filed a series of motions challenging the State's evidence and seeking to remove the district judge. Each motion requested the appointment of "co-counsel." Mapp also filed a motion to continue the trial date because he had not received notice other than verbal notice from jail personnel. Finally, on November 13, 1995, Mapp filed a motion for the appointment of the Public Defender to assist him in preparing his defense.

A lengthy hearing addressing Mapp's motions was held on November 13, 1995, at which time the district court appointed standby counsel to assist Mapp. On November 14, 1995, the district court granted the motion for continuance, acknowledging that Mapp had not been served with the trial date and noted standby counsel's difficulties with proceeding immediately to trial, counsel having learned of his mother's death the day before. The trial was rescheduled for December 11, 1995.

Mapp continued to file motions, and on December 8, 1995 another hearing was held. At this hearing, Mapp withdrew his waiver of counsel and requested that standby counsel take the lead at trial. When the district court granted Mapp's request, his counsel immediately requested a continuance, explaining he was unable to present a full

defense and was emotionally unable to proceed as he had returned from his mother's funeral to a jury trial and other pressing responsibilities. The request for continuance of the trial date was denied.

At trial, Corranco, Petersen and Cantane appeared as State's witnesses; all personally identifying Mapp and the checks. The State also called two investigating officers and a handwriting analysis expert. At the end of the State's case, the defense rested without presenting witnesses or evidence. The jury found Mapp guilty of three counts of forgery in violation of Wyo. Stat. § 6–3–602 (1997). Mapp was sentenced to the Wyoming State Penitentiary for a term of not less than one year nor more than two years on each count, with the sentences to run consecutively. This timely appeal followed.

## III. STANDARD OF REVIEW

 A waiver of counsel which is not made knowingly and voluntarily is tantamount to denial of counsel, mandating reversal. *United States v. Allen,* 895 F.2d 1577, 1580 (10th Cir.1990) (*citing Penson v. Ohio,* 488 U.S. 75, 88–89, 109 S.Ct. 346, 354, 102 L.Ed.2d 300 (1988)). We review the record as a whole to determine whether the defendant knowingly and voluntarily relinquished his right to representation by counsel. *Van Riper v. State,* 882 P.2d 230, 234 (Wyo.1994).

 A claim of ineffective assistance of counsel is reviewed under the well known standard set forth in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984):

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a

breakdown in the adversary process that renders the result unreliable.

We invoke a strong presumption that counsel rendered adequate and reasonable assistance making all decisions within the bounds of reasonable professional judgment. *Jackson v. State,* 902 P.2d 1292, 1295 (Wyo.1995).

 Finally, the granting of a continuance is within the discretion of the trial court. The decision to grant or deny a continuance will not be reversed absent an abuse of that discretion. In the case of a trial court's refusal to grant a continuance requested on the basis of insufficient time to prepare for trial, an abuse of discretion will not be found unless there is a clear showing of manifest injustice. *Tageant v. State,* 683 P.2d 667, 668–69 (Wyo.1984).

## IV. DISCUSSION

### A. WAIVER OF COUNSEL

 Mapp initially argues that his waiver of counsel was not valid because the district court did not make a record inquiry into the factors listed in Wyo. Stat. § 7–6–107 (1997), which addresses waiver of representation by the Public Defender:

A person who has been advised of his rights under W.S. 7–6–105 may waive any right provided by * * * [the Public Defender Act] if at the time of or after waiver, the court finds that the person has acted with full awareness of his rights and of the consequences of a waiver and if the waiver is otherwise made according to law. Before making its findings, the court shall consider such factors as the person's age, education, familiarity with the English language and the complexity of the crime involved.

 It is the district court's responsibility to ensure that a defendant's waiver of his right to counsel is " 'an intentional relinquishment or abandonment of a known right or privilege.' " *Van Riper,* 882 P.2d at 234 (*quoting United States v. Willie,* 941 F.2d 1384, 1388 (10th Cir.1991), *cert. denied,* 502 U.S. 1106, 112 S.Ct. 1200, 117 L.Ed.2d 440 (1992)). Ideally, the trial judge should conduct, on the record, a complete and thorough inquiry into the defendant's understanding of

the nature of the charges, the range of allowable punishments, and the possible defenses. The trial judge should inquire into whether the defendant is fully informed of the risks of proceeding pro se. *Van Riper*, 882 P.2d at 234 (*quoting Willie*, 941 F.2d at 1388). However, the district court's failure to conduct a complete inquiry on the record does not require reversal when the surrounding facts and circumstances demonstrate a knowing and intelligent waiver of the right to counsel. *Van Riper*, 882 P.2d at 234 (*quoting Willie*, 941 F.2d at 1389).

As in *Van Riper*, although the district court did not conduct a complete record inquiry, we find the surrounding facts and circumstances demonstrate that Mapp knowingly waived representation by the Public Defender. Mapp asserted his right to represent himself in a written communication to the district court. At his arraignment, after being advised of the nature of the charges against him and the possible punishment, the district court discussed with Mapp his intention to proceed pro se, clearly warning Mapp that his intended course was very risky:

> THE COURT: Mr. Mapp, I guess my admonition to you would be that while you may feel you have some experience with the criminal law system and would like to represent yourself, it is a dangerous proposition.

After continued dialogue, Mapp informed the district court he would give his plan to proceed without counsel more thought. At the hearing ten days later, after making a considered decision to proceed on his own, Mapp filed a series of written motions, some of which were granted, which reveal a solid command of the English language and sufficient intelligence to understand precisely what he requested.

Neither are we persuaded by Mapp's assertion that his waiver was clouded by his belief that he had a right to appointed "co-counsel," and, as a result, his waiver was not knowing and voluntary. Mapp was clearly told that the Public Defender could not agree to take that role and that he had a choice; he could continue pro se or he could be represented by the Public Defender. Although the record contains several instances evidencing Mapp's stalwart insistence that he had a right to co-counsel, there is nothing to support his claim that he was confused about the fact that co-counsel would not be appointed. Indeed, Mapp's maneuvering in this case leaves us convinced that he had an excellent grasp of how the legal system works. Consequently, although we reiterate that the better procedure is for the district court to thoroughly review these issues on the record, the record substantiates Mapp's knowing and voluntary waiver of counsel.

## B. EFFECTIVE ASSISTANCE OF COUNSEL

Mapp next asserts that the attorney appointed to represent him three days prior to trial, at Mapp's request, was not sufficiently prepared. This claim dances on the edge of this court's patience. While Mapp identifies three areas of allegedly deficient performance: failure to conduct an investigation; failure to object to testimony at trial; and failure to present a defense; none are credible under either prong of the *Strickland* test.

A failure to conduct an investigation may be grounds for an ineffective assistance of counsel claim. *Frias v. State*, 722 P.2d 135, 146 (Wyo.1986). However, Mapp ignores the fact that he chose to act as his own counsel during the time this investigation should have been conducted. Likewise, the failure to present a defense, if there was one, may be laid only at Mapp's feet. The fact that Mapp, three days before trial, had not prepared a case for the defense is not due to the ineffectiveness of trial counsel.

Despite Mapp's insistence on his right to represent himself, defense counsel attended every pretrial proceeding and received copies of all discovery responses. Prior to his appointment as lead counsel, the Public Defender assisted Mapp in understanding the State's evidence. There is nothing in the record which indicates Mapp requested assistance from standby counsel which was not received. Further, at trial, defense counsel made appropriate objections and vigorously cross-examined the State's witnesses.

Mapp's allegation of ineffectiveness due to a failure to object to certain testimony finds no support in the record. Suffice it to

say that Mapp has not presented cogent argument which establishes that the evidence in question was objectionable. Nor has he shown that the lack of objection was not reasonable trial strategy.

 Rather than demonstrating "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," the record clearly demonstrates that, under the circumstances, Mapp's counsel performed admirably. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. The evidence against Mapp was overwhelming. Three witnesses testified that they personally saw Mapp present the stolen checks for payment. The investigating officers verified that Mapp's social security number was copied onto the check presented at Albertsons, taken directly from the identification presented to the clerk. Finally, the handwriting expert testified that Mapp's handwriting was the same as that on the checks. Given this evidence, Mapp has not shown how the result would have been different had it not been for the "ineffectiveness" of his counsel. Although the Public Defender may have engaged in more thorough preparation than did Mapp, Mapp's last-minute decision to withdraw his waiver of counsel does not render trial counsel's performance ineffective.

### C. DENIAL OF SECOND MOTION TO CONTINUE

 Mapp claims that the district court's refusal to grant a continuance after appointing the Public Defender[1] as lead counsel on December 8, 1995 denied him his constitutional right to a fair trial. In *Ash v. State,* 555 P.2d 221 (Wyo.1976), *cert. denied,* 434 U.S. 842, 98 S.Ct. 139, 54 L.Ed.2d 106 (1977), we considered a claim very similar to Mapp's. We find the following statement to be equally applicable to, and dispositive of, this case:

> This situation was solely of defendant's making and in no way can be laid upon the doorstep of * * * the trial judges [or the public defender], who exercised yeoman

efforts to avoid this situation. It may be conceded without any argument that defendant was entitled to have competent counsel to assist him in his defense and that proper time for preparation is included within this right. It is, however, just as obvious that this is directed at the protection of the defendant and should not be or become a tool of a scheming or recalcitrant defendant to defeat the orderly processes and give to defendant the power to control the court's calendar.

*Ash,* 555 P.2d at 224. We find no abuse of discretion in the district court's denial of a continuance under the circumstances of this case.

### V. CONCLUSION

The record demonstrates that Mapp knowingly waived his right to representation by the Public Defender and chose to represent himself. Given the three-day preparation time arranged by Mapp's belated withdrawal of his waiver of counsel, defense counsel's performance was more than acceptable. We will not allow a defendant to manipulate the system with last-minute machinations to create issues for appeal or to control the calendar of the district court. We affirm Mapp's conviction.

---

1. Although we are troubled by the district court's seeming lack of sympathy for the plight of Mapp's attorney, and the fact that the first continuance was essentially due to the district court's failure to notify Mapp of the trial date, we remain unconvinced that the refusal to continue the trial date caused injustice to anyone other than Mapp's belatedly appointed attorney.