Loren **BEADLES**, Appellant (Defendant),

v.

The **STATE** of **Wyoming**, Appellee (Plaintiff).

No. 98-23.

Supreme Court of Wyoming.

July 1, 1999.

Sylvia L. Hackl, State Public Defender; Donna Domonkos, Appellate Counsel; and T. Alan Elrod, Assistant Appellate Counsel.

Gay V. Woodhouse, Chief Deputy Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Georgia L. Tibbetts, Senior Assistant Attorney General; and Robin Sessions Cooley, Assistant Attorney General.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and TAYLOR,* JJ.

TAYLOR, Justice, Retired.

Appellant, Loren Beadles (Beadles), claims he received ineffective assistance of counsel at all stages of his trial for aggravated assault and possession of a deadly weapon with unlawful intent. Finding no merit to this claim, we affirm Beadles' conviction.

## I. ISSUE

Beadles presents a single issue for review:

Did defense counsel's deficient performance deprive Appellant of a fair trial?

The State rephrases the issue:

Was appellant denied effective assistance of counsel at trial?

## II. FACTS

On April 22, 1997, Beadles was in his rented basement room with a friend, while upstairs, Beadles' landlady was visiting with her boyfriend, their children, and some friends. Although Beadles' landlady warned Beadles to remain downstairs due to a previous altercation between Beadles and her boyfriend, Beadles was determined to confront the man who had bested him one month before. Armed with a machete and brass knuckles, and shadowed by his friend holding a baseball bat, Beadles entered the living room. As would be expected, a fight soon followed. Eventually, the boyfriend subdued the attackers, but both the boyfriend and Beadles were injured in the fracas and were transported to the hospital after the police arrived.

Police officers found the bat in the living room, and the landlady retrieved the machete, which Beadles had released to her daughter. The brass knuckles were discovered outside the front door. Beadles was charged with aggravated assault and possession of a deadly weapon with unlawful intent. After his first court-appointed attorney withdrew from the case, a subsequent court-appointed attorney represented Beadles at his trial before a jury. The jury found Beadles guilty, and also found he was a habitual criminal, resulting in a sentence of life in prison. This timely appeal followed.

## III. STANDARD OF REVIEW

A claim of ineffective assistance of counsel is reviewed under the well known standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984):

"First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the convic-

*Retired November 2, 1998.

tion or death sentence resulted from a breakdown in the adversary process that renders the result unreliable."

We invoke a strong presumption that counsel rendered adequate and reasonable assistance making all decisions within the bounds of reasonable professional judgment. *Jackson v. State,* 902 P.2d 1292, 1295 (Wyo.1995).

*Mapp v. State,* 953 P.2d 140, 143 (Wyo.1998).

## IV. DISCUSSION

### A. FAILURE TO PURSUE MOTION TO SUPPRESS

Beadles asserts that his counsel was ineffective in failing to pursue a previously filed motion to suppress evidence, including the weapons retrieved at the scene and Beadles' statement that he knew his friend was armed with the bat when they went upstairs. In essence, Beadles scores his counsel for failing to insist on arguing baseless contentions.

■ Beadles had no standing to assert an illegal search and seizure of the weapons because he had no reasonable expectation of privacy in the areas that were searched. Both the Fourth Amendment to the United States Constitution and Wyo. Const. art. 1, § 4 prohibit unreasonable searches and seizures. *Wilde v. State,* 706 P.2d 251, 256 (Wyo.1985). These prohibitions protect an individual's reasonable expectation of privacy against governmental searches or seizures by allowing the government intrusion only when such action will not " 'strike at the substance of the constitutional right.' " *Parkhurst v. State,* 628 P.2d 1369, 1375 (Wyo.), *cert. denied,* 454 U.S. 899, 102 S.Ct. 402, 70 L.Ed.2d 216 (1981) (*quoting Byars v. United States,* 273 U.S. 28, 33–34, 47 S.Ct. 248, 250, 71 L.Ed. 520, 524 (1927)).

■ However, the constitutional touchstone of a search and/or seizure is whether the search unreasonably invades an expectation of privacy. *Saldana v. State,* 846 P.2d 604, 610 (Wyo.1993). An accused may claim the benefits of the exclusionary rule, the rule which calls for the suppression of evidence obtained in violation of constitutional rights, only if he first demonstrates a legitimate expectation of privacy in that which was either searched or seized was violated. *Parkhurst,* 628 P.2d at 1374. "Without such an expectation, a defendant cannot complain about the introduction of evidence at trial against him, whether or not it was seized legally." *MacLaird v. State,* 718 P.2d 41, 44 (Wyo.1986) (*citing Tompkins v. State,* 705 P.2d 836, 842 (Wyo.1985), *cert. denied,* 475 U.S. 1052, 106 S.Ct. 1277, 89 L.Ed.2d 585 (1986)).

> Factors to be considered in making this determination include: (1) the precautions taken in order to maintain one's privacy; (2) the likely intent of the drafters of the United States and Wyoming Constitutions; (3) the property rights the claimant possessed in the invaded area; (4) the legitimacy of the individual's possession of or presence in the property which was searched or seized.

*Parkhurst,* 628 P.2d at 1374.

Beadles may have had a legitimate expectation of privacy in his basement room, but it did not extend to the areas that were used solely by his landlady. The investigating officer testified that all of the confiscated weapons were found in that portion of the house where Beadles' landlady resided or outside on the lawn. Although the machete was brought to the police officer, Beadles had released it to the landlady's daughter and had, therefore, taken no precaution to maintain privacy in respect to the machete or any of the other weapons. Thus, counsel was not ineffective in declining to pursue an argument which must fail.

■ Similarly, Beadles' counsel was not ineffective in failing to argue suppression of the testimony relating Beadles' knowledge that he knew his friend was armed with the bat before they went upstairs. Beadles maintains that because his statement was made while he was in custody, it is presumed to be involuntary. *Wells v. State,* 846 P.2d 589, 594 (Wyo.1992). Beadles states in his appellate brief that "[h]ad [counsel] been rendering effective assistance, counsel could have essentially stood silent at the suppression hearing while the court compelled the State to justify the viability of these statements as evidence against Appellant."

Where this argument falls short, however, is that the presumption arises only when the statement is self-incriminating. When read in context, it is clear that the statement was not inculpatory, but was merely a part of Beadles' defense that he acted in self-defense. The police officer's testimony reiterated Beadles' insistence that he was not the aggressor. As a result, no presumption of involuntariness exists. In the absence of any allegations that the statement was indeed involuntarily made, counsel's performance was not deficient in failing to pursue suppression.

### B. Lack of Cross-Examination

■ Beadles next claims counsel was ineffective because three of nine witnesses were not subjected to cross-examination. "The failure to cross-examine a witness does not necessitate a finding of ineffective assistance of counsel." *United States v. Voigt*, 877 F.2d 1465, 1468 (10th Cir.), *cert. denied*, 493 U.S. 982, 110 S.Ct. 517, 107 L.Ed.2d 518 (1989). The decision "could simply been part of trial counsel's strategy." *Id.* at 1468. We find no defect in counsel's choice to forego cross-examination of these witnesses.

■ A seventeen-year-old friend who was at the residence when the fight occurred, clearly testified that she was unable to recall the specifics of the incident, admitting she could not say with certainty that Beadles scored a hit with the machete. Cross-examination was not needed to underscore her lack of knowledge. In the same light, the testimony of the evidence technician established only that a fight had taken place. Since this was not a contested fact, cross-examination would not have assisted Beadles' defense. Finally, Beadles concedes that the physician who treated the victim provided "little more than a recounting of [the victim's] visit to the emergency [room]." Given the limited nature of this testimony, we are unable to fathom any prejudice which could result from a failure to cross-examine the witness.

### C. Failure to Object to Evidence

■ Beadles contends that counsel was ineffective when counsel failed to object to the introduction of two prior convictions, which were twelve and thirteen years old, for the purpose of impeachment. As in the motion to suppress, any objection to this evidence would have been unsuccessful. W.R.E. 609 provides, in relevant part:

(a) *General rule.*—For the purpose of attacking the credibility of a witness,

\* \* \*

(b) *Time limit.*—Evidence of a conviction under this rule is not admissible if a period of more than ten (10) years has elapsed since the date of the conviction *or of the release of the witness from the confinement imposed for that conviction, whichever is the later date,* unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than ten (10) years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

(Emphasis added.) While it is true that the convictions were more than ten years earlier, Beadles' release from incarceration for those convictions was not. Therefore, the convictions were admissible under the rule, and counsel's failure to object was based on sound judgment.

Beadles also claims ineffective assistance for counsel's failure to object to testimony inferring Beadles was under the influence of drugs at the time of the attack. At one point during the victim's direct examination, the victim responded that Beadles appeared to be under the influence of something at the time he entered the living room. This isolated comment was not addressed further with this witness by either counsel.

■ The claim that an attorney failed to object to certain witness testimony requires a showing of prejudice in order to demonstrate ineffective assistance of counsel. *Dean v. State*, 931 P.2d 942, 945 (Wyo.1997). Beadles has failed to show how this single statement prejudiced his case. Beadles' con-

viction was predicated on the testimony of a number of witnesses to the fight. The removal of this isolated sentence would not change the result at trial. Therefore, even if the failure to object was not based on a trial strategy to downplay this testimony, counsel's performance was not ineffective.

### D. FAILURE TO RENDER EFFECTIVE REPRESENTATION AT ALL STAGES OF THE TRIAL

Beadles' final contentions address counsel's failure to object during his cross-examination and the failure to effectively represent Beadles at the habitual criminal portion of his trial. In regard to counsel's alleged failure to protect Beadles during cross-examination, we stated in *Porter v. State*, 440 P.2d 249, 250 (Wyo.1968):

> The propriety of a question to a defendant on cross-examination relating to his general reputation or past actions is one that does not lend itself to any blanket determination but is dependent on the facts in each instance. A defendant who has voluntarily testified as a witness may be cross-examined the same as any other witness and the latitude of cross-examination is largely within the discretion of the court.

 In his direct testimony, Beadles described his robbery conviction as not a "violent felony." On cross-examination, the prosecutor asked, "Well, sir, what would you call pistol whipping somebody with a gun and robbing them?" Beadles aptly replied he was not convicted of pistol whipping anybody. Later, as Beadles cried, the prosecutor asked, "Is that how [the victim] sounded when you pistol whipped him? Do you cry because you regret what happened or because you have been caught?" Again, Beadles ably responded that he cried because he regretted what happened. Given Beadles' earlier testimony, the only question that might have been improper was the comment about the victim. Even if improper, however, no prejudice resulted when Beadles effectively responded. Consequently, the claim of ineffective assistance of counsel must fail.

In closing, Beadles claims that counsel should have objected at the habitual crim-

inal stage of the proceeding when several exhibits were admitted. Again, such objection would have been futile because all but one exhibit was admissible as certified copies of court documents, and the other document was signed by the witness. Beadles' general assertion that counsel should have done something more at this stage, without identifying what that might be, cannot be a basis for ineffective assistance. Beadles essentially admitted he was previously convicted of two felonies, and, therefore, no prejudice resulted from counsel's failure to introduce some phantom defense.

## V. CONCLUSION

In the face of overwhelming evidence, defense counsel did everything necessary to present a case in Beadles' behalf. Counsel's performance was well within the accepted bounds of professional competence. The judgment and sentence of the district court is affirmed in all respects.