**Warren CRAWFORD, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 99–95.

Supreme Court of Wyoming.

April 26, 2000.

Representing Appellant: Sylvia Lee Hackl, State Public Defender; Donna D. Domonkos, Appellate Counsel; T. Alan Elrod, Assistant Appellate Counsel; Tina N. Hughes, Assistant Appellate Counsel. Argument by Ms. Hughes.

Representing Appellee: Gay Woodhouse, Wyoming Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Kimberly A. Baker, Senior Assistant Attorney General; Theodore E. Lauer, Faculty Director, and Keith A. Jones, Student Intern, of the Prosecution Assistant Program. Argument by Mr. Jones.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

GOLDEN, Justice.

Warren Crawford (Crawford) appeals his conviction and sentence on one count of sexual assault in the third degree, in violation of Wyo. Stat. Ann. § 6–2–304(a)(ii) (Michie 1988).[1] We affirm the conviction because the

---

**1.** § 6–2–304. Sexual assault in the third degree.

(a) Except under circumstances constituting a violation of W.S. 14–3–105, an actor commits sexual assault in the third degree if:

record reveals that Crawford received both a fair trial and effective assistance of counsel. We agree with the State's contention that the trial court sentenced Crawford under an inapplicable version of the sexual assault statute, and remand for resentencing under the correct version.

## ISSUES

Crawford presents a single issue for our review:

Does an inadequate record exist to determine whether Appellant received a fair trial and whether Appellant received effective assistance of counsel?

The State presents this statement of the issues:

I. Is the record on appeal sufficient to refute Appellant's claims that the unidentified venireperson was biased and prejudiced against him or his witnesses and his claims that trial counsel failed to provide effective assistance?

II. Should the sentence be set aside and this cause remanded to the district court for resentencing?

## FACTS

Early in 1997, Crawford was living in Washakie County with his girlfriend, TP, and TP's seven-year-old daughter, JP. That relationship ended in April, and Crawford moved out. In August of that year, JP told a baby sitter that Crawford had sexually assaulted her. The sitter told TP, who reported the accusations to the police.

Following an investigation, Crawford was charged with one count of sexual assault in the third degree, to which he pled not guilty. His trial was held on August 24 and 25, 1998, and the jury returned a guilty verdict. The trial court sentenced Crawford to a penitentiary term of three to seven years. He appeals to this Court.

(i) The actor is at least four (4) years older than the victim and who inflicts sexual intrusion on a victim under the age of sixteen (16) years; or

(ii) The actor is an adult and subjects a victim under the age of twelve (12) years to

## DISCUSSION

### Juror Bias

■ The gravamen of Crawford's appeal is that the record is not sufficient to determine whether he received a fair trial and we must, therefore, reverse his conviction. He specifically contends that because the record does not identify by name a venireperson who indicated a possible bias, we have no way to determine whether that individual served on the jury that convicted him. That uncertainty, Crawford argues, prevents effective judicial review and requires us to grant him a new trial.

The transcript reflects the following exchange during voir dire, while defense counsel was questioning the venire about their knowledge of defense witnesses:

MR. HOPKINSON: Another potential witness that we may be calling is Mark McDuran. Do any of you know Mark McDuran?

And Sharon Dangel, do any of you know Sharon Dangel? How about Kathy Heckert. Anybody know Kathy?

PEGGY TRUMAN: I think I knew him.

MRS. IHDE: She is Tara's mother.

A JUROR: I am a case manager to Ted Heckert's son and now his ex-wife.

MR. HOPKINSON: Do you think that that would create problems for you in evaluating their testimony if they were called to testify here today?

A JUROR: I think it could.

Defense counsel went on to question some potential jurors regarding possible biases, but we cannot ascertain whether the unnamed venireperson was among them. Our careful review of the record reveals that defense counsel challenged two prospective jurors for cause after the unnamed venireperson indicated a possible bias. The court excused both of those individuals. It follows that either the unnamed venireperson was one of the two excused, or defense counsel did not challenge the unnamed venireperson

sexual contact without inflicting sexual intrusion on the victim and without causing serious bodily injury to the victim.

for cause. If the former occurred, then, obviously, Crawford was not prejudiced.

If defense counsel did not challenge the unnamed venireperson for cause, we will presume that defense counsel believed that person to be an unobjectionable juror. *State v. Aponte*, 50 Conn.App. 114, 718 A.2d 36, 46–47 (1998), *rev'd on other grounds*, 249 Conn. 735, 738 A.2d 117 (1999) ("Unless all a defendant's peremptory challenges have been exercised before the completion of jury selection, it is presumed that no juror was permitted to serve whom the defendant regarded as biased or unsuitable."). We further presume that a decision not to challenge the unnamed venireperson for cause was appropriate, based on our presumption that trial counsel rendered effective assistance. *Mapp v. State*, 953 P.2d 140, 143 (Wyo.1998). These presumptions lead us to conclude that Crawford has not demonstrated that he was prejudiced, even if the unnamed venireperson served on the jury that convicted him. *See also State v. Hunter*, 782 S.W.2d 95, 98 (Mo.App.1989), *overruled on other grounds recognized by State v. O'Brien*, 857 S.W.2d 212 (Mo.1993) ("[T]he law attaches a strong presumption that the jury tendered at the outset of the trial has been properly selected."); *State v. Reid*, 40 Wash.App. 319, 698 P.2d 588, 591 (1985) ("The law presumes that each juror sworn in a case is impartial and above legal exception; otherwise, he or she would have been challenged for cause.") Because Crawford was not prejudiced, his claim is unavailing.

### Ineffective Assistance of Counsel

■ Although Crawford's statement of the issue on appeal broaches the subject of ineffective assistance of counsel, he does not actually claim in his brief that his trial counsel was ineffective. Instead, he contends the record is inadequate to determine whether his counsel was effective.

Our standard for reviewing claims of ineffective assistance of counsel is:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Mapp v. State*, 953 P.2d at 143 (quoting *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)). We have included counsel's performance in the voir dire phase of trial in our previously discussed presumption of effective assistance and said, "Because voir dire questioning techniques are diverse, any alleged voir dire error must be egregious and obvious in order to fall below the line of competence." *Arner v. State*, 872 P.2d 100, 105 (Wyo.1994).

The Supreme Court of New Mexico held that a defense attorney did not render ineffective assistance by failing to challenge for cause or peremptorily strike a venireperson whose sister worked for the district attorney as a victim's advocate and was involved in assisting the defendant's alleged victim. *State v. Sanchez*, 120 N.M. 247, 901 P.2d 178, 185 (1995). That court said the fact that the defense could have challenged or struck the venireperson but did not "suggests that the juror possessed qualities that defense counsel wanted represented on the jury." *Id.* Even if we assume that the unnamed venireperson served on the jury, Crawford cannot show that his counsel rendered ineffective assistance because he cannot overcome our presumption of effective assistance.

Because Crawford has not demonstrated that he was denied a fair trial or effective assistance of counsel, we affirm his conviction.

### Resentencing

The State raises the issue that the district court sentenced Crawford under an inapplicable version of the sexual assault statute. The jury found Crawford guilty of committing sexual assault in the third ·degree be-

tween February 1, 1997 and March 30, 1997. The statute in effect during those months provided a penalty of imprisonment for not more than five years. Wyo. Stat. Ann. § 6–2–306(a)(iii) (Michie Cum.Supp.1996). Effective July 1, 1997, the statute was revised to provide for imprisonment for up to fifteen years. 1997 Wyo. Sess. Laws, Ch. 135 § 1. That act also stated that the new provisions did not apply to crimes committed before July 1, 1997. 1997 Wyo. Sess. Laws, Ch. 135 §§ 3, 4. Nonetheless, the district court sentenced Crawford to imprisonment for three to seven years. Because that sentence was not permissible under the law in effect at the time of the offense, we remand to the district court with instructions to resentence Crawford to a term not to exceed five years.